UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:16cv0100-PPS-JEM |
| v. ) | |
| ) | |
| JEFF SESSIONS, ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

At issue is whether Plaintiff can recover damages against the United States of America or against Attorney General Jefferson Sessions for the loss of property seized by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives in the investigation of the underlying criminal case against Plaintiff. The Amended Complaint does not set forth the basis of this Court's jurisdiction or allege the legal grounds for recovery against the United States or any factual basis for recovery against the Attorney General. As set forth below, the few possible grounds for recovery against the United States are unavailing. The only damages remedy for the loss of property in these types of situations is administrative, specifically, the submission of a claim to the Attorney General of the United States pursuant to 31 U.S.C § 3724(a).

## Liability under the Federal Tort Claims Act

The Federal Tort Claims Act waives sovereign immunity and allows individuals to recover damages against the United States for the tortious conduct of its employees committed while acting within the scope of their employment. 28 U.S.C. § 1346(b)(1) and 28 U.S.C. §2671, et seq. Excepted from such waiver, however, is liability arising from the "detention of any … property by any … law enforcement officer. 28 U.S.C. § 2680(c).

The property seized herein by law enforcement officers of the ATF during the investigation in the underlying criminal case and subsequently lost falls within the exception to the waiver. See *Kosak v. United States*, 465 U.S. 848, 104 S.Ct. 1519 (1984); *Parrot v. United States*, 536 F.3rd 629, 635 (7th Cir. 2008).

An exception to the exception permits claims against the United States for injury or loss of goods or property in law enforcement custody if the claimant can satisfy four conditions:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

>   (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

§ 2680(c)(1)-(4). The failure to satisfy any one of the above conditions prevents a plaintiff from availing himself of the re-waiver of sovereign immunity. See *Pearson v. United States*, 373 Fed.Appx. 662 (7th Cir. 2010) (stating that claimant must meet all four of the requirements set forth in in order to benefit from the re-waiver of sovereign immunity.)

Claimant cannot satisfy the first and fourth conditions to bring his claim within the re-waiver provision. With respect to the first condition – that the property was seized for forfeiture – the Indictment does not identify the property at issue herein as being subject to forfeiture (DE 1 in USA v. John Smith, Case No 2:11-cr-53). Nor did the United States in its Motion For Preliminary Order of Forfeiture (DE 135 in Case No. 2:11-cr-53) seek to forfeit such property. Claimant cannot meet his burden of establishing that the property was seized solely for forfeiture, rather than for only evidence or both evidence and forfeiture. Seizure for purposes of evidence or for purpose of both evidence and forfeiture defeats the re-waiver provision. *Pearson*, p. 2. Even assuming the first condition is present, the exception to the exception does not apply because Claimant cannot satisfy the fourth condition. Claimant was convicted on charges of violations of 21 U.S.C. §§ 846 and 841

(DE 105) for which forfeiture of Claimants property is authorized pursuant to 21 U.S.C. § 853.

The Government acknowledges that it cannot account for certain items that were seized[1].  However, no relief for the loss of this property is cognizable under the Federal Tort Claims Act.[2]  Therefore, to the extent Plaintiff seeks to recover damages under the Federal Tort Claims Act, the Amended Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## Liability under the Tucker Act

It is unclear whether the Tucker Act, 18 U.S.C. § 1491, is a basis for relief the loss of the property.  See *U.S. v. Norwood*, 602 F.3d 830, 834-835 (7th Cir. 2010) (discussing, but not deciding whether the deprivation of property under circumstances similar to the one at bar gives rise to a claim under the Tucker Act for deprivation of property without due process). However, the Court is without jurisdiction to decide the issue, because Plaintiff seeks damages in the sum of $190,500.00.  This Court only has concurrent jurisdiction with the Court of Federal Claims with respect to claims against the United States not exceeding $10,000.00 that are based on

---

[1] In response to the Court's Order (DE 45) regarding the disposition of 8 identified items, the Government responded that it could not account for item 4 (envelope containing loose diamonds; part of item 5 (a diamond earing; and item 8 (one male and one female diamond ring) DE 47.
[2] Even is such relief were available, Plaintiff failed to first file an administrative claim with the seizing agency, a prerequisite to bringing an action against the United States.  See 28 U.S.C. § 2675.

4

the Constitution, or any Act of Congress, or any regulation or implied or express contract with the United States.  28 U.S.C. § 1346(a)(2).  If Plaintiff does have a cause of action under the Tucker Act for damages in excess of $10,000.00, the claim must be brought in the Court of Federal Claims. Accordingly, the Amended Complaint should be dismissed pursuant to F.R.C.P. 12(B)(1) for lack of subject matter jurisdiction or, alternatively, transferred to the Court of Claims.

## Suit Against the Attorney General

The Amended Complaint was brought against Attorney General Jeff [sic] Sessions.  No other defendants are name.  If Plaintiff is seeking relief against the General Sessions in his individual capacity, the Amended Complaint should be dismissed pursuant F.R.C.P. 12(b)(2), because and (4) because no process has been served on AG Sessions.  Dismissal is also warranted under F.R.C.P. 12(b)(6), because the Amended Complaint makes no allegations as to AG Sessions personal involvement.   Similarly, to the extent Plaintiff is suing the Attorney General in his official capacity as head of the Department of Justice, an executive agency of the United States, the Amended Complaint should be dismissed for lack of service of process.

## Congress Provided an Adequate Remedy at Law Which Precludes a Bivens Action Against Law Enforcement Officers for Loss of the Property

Congress has provided a remedy for persons aggrieved by the wrongful loss of property occasioned by law enforcement officers of the Department of Justice. 31 U.S.C. § 3724. Section 3724 provides, in relevant part, as follows:

> **(a)** The Attorney General may settle, for not more than $50,000 in any one case, a claim for … damage to, or loss of, privately owned property, caused by an investigative or law enforcement officer as defined in section 2680(h) of title 28 who is employed by the Department of Justice acting within the scope of employment that may not be settled under chapter 171 of title 28 …. A claim may be allowed only if it is presented to the Attorney General within one year after it accrues.
>
> **(b)** A claim may be paid under this section only if the claimant accepts the amount of the settlement in complete satisfaction of the claim against the Government.

The procedure provided by § 3724 is adequate to preclude a *Bivens* claim for a due process violation. See, *Marulanda v. USMS*, 467 Fed.Appx. 590, 590–91 (9th Cir.2012); *Aron v. Green*, 2014 WL 1917543, at *4 (N.D.Tex. May 12, 2014); *Jones v. Federal Bureau of Prisons*, 2013 WL 5300721, at *12 (E.D.N.Y. Sept. 19, 2013); *Hoskins v. Craig*, 2013 WL 675734, at *2–*3 (S.D.Ill. Feb. 25, 2013); *Salter v. Nickerson*, 2013 WL 866198, at *9–*10 (E.D.Tex. Jan. 25, 2013), Report and Recommendation Adopted, 2013 WL 866475 (E.D.Tex. Mar. 7, 2013); *Frith v. Hill*, 2009 WL 3073716, at *7 (S.D.N.Y. Sept. 23, 2009).

Plaintiff has not availed himself of this remedy and the time to do so has likely expired.  Nonetheless, to the extent that Plaintiff asserts a *Bivens* claim against AG Sessions, or any unidentified law enforcement officer, on due process grounds, the claim should be dismissed since Congress provided an adequate remedy to preclude such a claim.

## Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

/s/ *Orest Szewciw*
Orest Szewciw
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel: (219)937-5500
Fax: (219)852-2770
Email:orest.szewciw@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2018, the Memorandum In Support Of Motion To Dismiss Amended Complaint was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  N/A.

I hereby certify that I have mailed by United States Postal Service this document to the following non CM/ECF participants:

John D. Smith, # 11563-027
TALLADEGA FCI
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Talladega, AL 35160


/s/ *Orest Szewciw*
Orest Szewciw
Assistant U.S. Attorney


OFFICE OF:
United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219) 937-5500
Fax: (219) 852-2770