UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:16CV100-PPS |
| | ) |
| ATTORNEY GENERAL JEFF SESSIONS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

After a long and tortuous route, John D. Smith's remaining claim against the federal government in this case is captured in his first amended complaint against Attorney General Jeff Sessions, in which Smith seeks monetary compensation for personal property seized from his home by law enforcement agents in connection with Smith's prosecution for drug and firearms crimes.[1] By affidavit, Smith identifies the property the government took and has never returned as 69 loose diamonds, a coin collection, a custom-made replica 2007 Indianapolis Colts Super Bowl ring, one diamond earring, and a matching men's and women's diamond wedding band set. [DE 56-1.] Smith's valuations of these items total $195,500, although his prayer for relief uses the figure $190,500. [DE 56-1 at -3; DE 56 at 3.] The government has acknowledged that it "cannot account for certain items that were seized," specifically the envelope of loose

---

[1] Following a jury trial, I sentenced Smith to a mandatory minimum term of 40 years imprisonment for offenses including possession with intent to distribute 5 or more kilos of cocaine and carrying firearms during and in relation to drug trafficking crimes. [DE 138 in Cause No. 2:11CR53.]

diamonds, the diamond earring and the set of wedding rings. [DE 66 at 4; *see* 47 at 3.] The coins and Super Bowl ring were conveyed to Smith's defense attorney. [DE 47-1 at 9.]

Now before me is the government's motion to dismiss the first amended complaint, and Smith's motion for summary judgment. [DE 65.] Smith's pro se pleading does not identify any particular legal theory to support his claim for compensation. In its motion, the government articulates legal challenges to each of a number of different possibilities.

One possibility is the Tucker Act. "Under the Tucker Act, a federal statute found at 28 U.S.C. §1491(a)(1), jurisdiction over constitutional claims against the government for monetary relief in excess of $10,000 lies only in the Court of Federal Claims." *Sutton v. United States*, 697 Fed.Appx. 890 (7th Cir. 2015). *See also* 28 U.S.C. §1346(a)(2) (limiting the district court's concurrent jurisdiction with the Court of Federal Claims to actions "not exceeding $10,000 in amount.") Given Smith's valuation of the items at almost $200,000, this court has no jurisdiction over a claim under the Tucker Act for the loss of the property. So the Tucker Act claim will be dismissed for lack of jurisdiction but the dismissal will be without prejudice so Smith may seek relief in the Court of Federal Claims. *See e.g. Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 509 (7th Cir. 2017) ("When a court dismisses a case for lack of jurisdiction, the dismissal must be without prejudice.") I take no position on the validity of the merits of Smith's claim under the Tucker Act.

Another possibility is a claim under the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1), which gives the district courts exclusive jurisdiction of civil claims against the United States for money damages "for injury or loss of property...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...."  But this avenue is foreclosed by an exception to the FTCA for loss of property seized by law enforcement officers in the performance of their duties.  The exception is stated in 28 U.S.C. §2680(c), applicable to "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by...any other law enforcement officer[.]"  *See Kosak v. United States*, 465 U.S. 848, 854 (1984) (FTCA claim barred for negligent handling or storage of property in the custody of the Customs Service).

There is an exception to the exception, often called "re-waiver," that applies if certain criteria are met, as provided in the Civil Asset Forfeiture Reform Act of 2000, in 28 U.S.C. 2680(c).  The four requirements for re-waiver generally describe a failed attempt at forfeiture – the property was seized for forfeiture, but the claimant's interest in the property was not forfeited, remitted or mitigated, and the claimant was not ultimately convicted.  §2680(c)(1)-(4).  The government contends that Smith's claim does not qualify for re-waiver because the property now at issue – jewelry and coins – was not seized for the purpose of forfeiture and because Smith was convicted.  The Seventh Circuit has found re-waiver not to apply where, like here, the seized property was not specifically identified for forfeiture in the indictment, and no forfeiture proceedings

3

were ever instituted against the property. *Pearson v. United States*, 373 Fed.Appx. 622, 624 (7th Cir. 2010). Smith has not demonstrated that CAFRA's re-waiver provision applies so as to permit him to proceed under the FTCA.

In any event, the government also points out that Smith cannot proceed with a claim under the FTCA because he has not filed an administrative claim with the seizing agency, which is a prerequisite to bringing a claim against the government for money damages for loss of property caused by the negligent or wrongful act or omission of a government employee. 28 U.S.C. §2675(a). To this observation, Smith makes no reply. For these reasons, Smith does not have a viable claim under the Federal Tort Claims Act. Although the Supreme Court has acknowledged that the law enforcement seizure exception "denies an effectual remedy to many persons whose property is damaged through the tortious conduct of customs officials," it noted that the concern "is properly addressed to Congress," and that the Court must apply the statute as it is written. *Id*. at 862. *See also Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008).

Two other possibilities are addressed in the government's motion. The government argues that the "only damages remedy for the loss of property in these types of situations is administrative, specifically, the submission of a claim to the Attorney General of the United States pursuant to 31 U.S.C. §3724(a)." [DE 66 at 1.] That statutory provision authorizes the Attorney General to settle, for not more than $50,000 in total, claims for damage to or loss of privately owned property "caused by an investigative or law enforcement officer...who is employed by the Department of

4

Justice…that may not be settled under" the FTCA. This authority does not support a claim brought by way of a lawsuit. Furthermore, such a claim "may be allowed only if it is presented to the Attorney General within one year after it accrues," so Smith may already be too late for a administrative claim under §3724. *Id*.

Finally, a constitutional claim for loss of the property without due process is foreclosed by the availability of an adequate statutory remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (due process was not violated by government official's intentional deprivation of property, provided that a meaningful post-deprivation remedy was available). Section 3724(a) is such a remedy for the unauthorized acts of a federal employee resulting in the destruction of personal property. *Marulanda v. U.S. Marshals Service*, 467 Fed.Appx. 590, 591 (9th Cir. 2012) (affirming summary judgment in favor of federal agents in action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 402 U.S. 388 (1971)).

In short, Smith's first amended complaint must be dismissed because he demonstrates no legal theory supporting a claim for money damages based on the loss of his seized property. Smith's motion (filed in lieu of a memorandum in opposition to the motion to dismiss) does not offer argument defeating any of these legal bases for the dismissal of his complaint. Smith's motion will be denied.

I fully recognize that the *facts* would appear to be on Smith's side, in that the government acknowledges being unable to account for certain property it seized from Smith. [That, of course, is not to say that I accept Smith's estimate of the property's

value.  I express no view on that point.]  But in order to obtain a judgment in his favor, Smith must meet the requirements of a particular legal cause of action, as well as have the facts to support it.  And for each of four possible legal bases for bringing such a lawsuit, the government has demonstrated one or more legal reasons defeating the claim at this time in this forum.

**ACCORDINGLY:**

The government's Motion to Dismiss Amended Complaint [DE 65] is GRANTED.

Plaintiff John D. Smith's Motion Pursuant to Fed.R.Civ.P. 54(b) and Summary Judgment under Fed.R.Civ.P. 56(c) [DE 71] is DENIED.

The Clerk shall enter judgment in favor of defendant Attorney General Jeff Sessions and against plaintiff John D. Smith on the first amended complaint.  A claim construed as made under the Tucker Act is dismissed on jurisdictional grounds without prejudice to it being pursued in the Court of Federal Claims.  Claims for loss of Smith's seized property construed as made under the Federal Tort Claims Act, under 31 U.S.C. §3724(a), and under the due process clause are dismissed with prejudice.

This matter is thereby CLOSED.

**SO ORDERED.**

**ENTERED: July 23, 2018**           /s/ Philip P. Simon
                                      **UNITED STATES DISTRICT JUDGE**