UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:16CV100-PPS |
| | ) |
| ATTORNEY GENERAL JEFF SESSIONS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

> After a long and tortuous route, John D. Smith's remaining claim against the federal government in this case is captured in his first amended complaint against Attorney General Jeff Sessions, in which Smith seeks monetary compensation for personal property seized from his home by law enforcement agents in connection with Smith's prosecution for drug and firearms crimes.

Opinion and Order [DE 74 of 7/23/18.] That's how I began the opinion dismissing Smith's amended complaint, issued more than a year ago, and more than three years after Smith began his long pursuit of claims that he was entitled to the return of seized property. In the underlying criminal case, a jury found Smith guilty of offenses including possession with intent to distribute 5 or more kilos of cocaine and carrying firearms during and in relation to drug trafficking crimes, and I sentenced Smith to a mandatory minimum prison term of 40 years. [DE 138 in Cause No. 2:11CR53.] Smith's tortuous route grows longer still. Since the judgment was entered closing this case, Smith has filed a motion for reconsideration [DE 76], which I denied [DE 77], and now a motion to alter or amend the judgment, and for change of venue [DE 80].

My opinion dismissing Smith's case explored several possible legal avenues for a claim like Smith's (the Tucker Act, the Federal Tort Claims Act, a claim under 31 U.S.C. §3724(a), and a constitutional claim), and explained why Smith was unable to proceed on any of these theories. [DE 77 at 2-5.] Smith's new motion invokes Fed.R.Civ.P. 60(b)(1) and (b)(6), which authorize relief from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect" in (b)(1), and "any other reason that justifies relief" in (b)(6).

In a section of his motion entitled "Joiner," Smith explains that he "seeks to present multiple violations against multiple defendants." [DE 80 at 3.] With reference to the caption he has used on the motion, Smith indicates he wants to now join as defendants the United States, the Justice Department, and the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, alleging that they are "liable for the orchestration with the seizure, forfeiture, and illegally taking of his personal property in violation of his Due Process Right and in violation of the Fourth Amendment." [*Id*. at 4.] In connection with this cast of new defendants, Smith seeks a change of venue for his reinvigorated litigation, namely a transfer to the District Court for the District of Columbia. [*Id*. at 4-5.]

Smith's motion offers no explanation why his failure to name these defendants earlier results from mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief so as to support another bite at the apple under Rule 60(b). Nor does he explain why the presence of this new assortment of federal defendants would

make any difference to the viability of his claims.  Despite the explanation I gave for dismissal of his latest complaint, Smith fails to affirmatively indicate the legal theory he could now successfully proceed on, other than several sideways references in the past tense to his earlier claim as being under the Tucker Act.  [*Id*. at 4, 6.]  I note that Smith seeks transfer to the "District Court within the District of Columbia" though my previous order explained that Tucker Act jurisdiction lies only in the Court of Federal Claims.  [*Id* at 4; DE 74 at 2.]

That dismissal opinion stated:  "So the Tucker Act claim will be dismissed for lack of jurisdiction but the dismissal will be without prejudice so Smith may seek relief in the Court of Federal Claims." [*Id*.]  Smith's motion to reconsider filed last summer argued that I had erred in failing to transfer this case to the Court of Federal Claims, and I denied that motion, explaining that Smith had not characterized his claims as being brought under the Tucker Act.  [DE 77 at 3.]  If Smith wishes to pursue a Tucker Act claim before the Court of Federal Claims, the effort will require a separate case newly filed in that court, rather than a belated transfer of this case, which has long been closed, and as to which Smith does not demonstrate a basis for setting aside the judgment pursuant to Rule 60(b).

Finally, Smith requests "a stay of the case, and equitable tolling of the appeal until the matter before the court is resolved."  [DE 80 at 6.]  There is no appeal pending in the case.  And if there were, the district court would lack the authority to stay those proceedings.

**ACCORDINGLY:**

Plaintiff John D. Smith's motion to alter or amend the final judgment and for a change of venue [DE 80] is DENIED.

**SO ORDERED.**

**ENTERED: September 16, 2019**

                                              /s/ Philip P. Simon
                                       **UNITED STATES DISTRICT JUDGE**